IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 02-cv-01359-WDM-BNB

KENNETH GAMMON,
PATRICIA GAMMON,

    Plaintiffs,

v.

JOE FERGUSON PONTIAC, et al.,

    Defendants.

## ORDER ON MOTION TO REOPEN/AMEND

Miller, J.

This matter is before me on Plaintiffs' Motion (doc no 54), filed July 31, 2007, which seeks to reopen the case or amend the original complaint in this action. A response to the Motion was filed by Defendants Magistrate Louis Gresh, Magistrate Grafton Biddle, Clerk of the Court for Douglas County Bobbi Griffin and Douglas County Court Clerks Sharon Harris and Michelle Mock (the "State Defendants"). I have reviewed the arguments and the record and conclude that oral argument is not required. For the reasons that follow, the motion will be denied.

On April 5, 2004, Magistrate Judge Boyd N. Boland recommended that Plaintiffs' complaint be dismissed for failure to file a pleading which stated a claim for relief and for failing to follow the court's orders. Judge Richard P. Matsch accepted the recommendation on April 22, 2004 and dismissed the action in its entirety. On April 26, 2004, Plaintiffs filed a motion for reconsideration, which Judge Matsch denied the same

day. This case was reassigned to me on August 2, 2007.

Plaintiffs seek to reinstate this case, citing several possible grounds for doing so. First, they caption the motion in part as a "Motion to Reopen Case Under D.C.COLO.LR41.1A Administrative Closure Subject to ReOpening for Good Cause." This rule, now codified as D.C.COLO.LCivR 41.2, applies when a case has been administratively closed subject to reopening for good cause. Here, however, the case was dismissed, not administratively closed, and so this rule is inapplicable.

As noted by the State Defendants, Plaintiffs could alternatively seek relief under Fed. R. Civ. P. 59 or 60, which provide circumstances under which a judgment may be amended or relief given from the judgment. However, Plaintiffs may not avail themselves of either remedy at this time. A motion to amend a judgment or to seek a new trial pursuant to Rule 59 must be filed within ten days of judgment. Fed. R. Civ. P. 59(b), 59(e). Similarly, a motion under Rule 60 generally must be filed within one year after entry of the judgment or order at issue. Fed. R. Civ. P. 60(b). Although a court is permitted, pursuant to Rule 60(b)(6), to grant relief from the operation of a judgment after one year for "any other reason justifying relief," this is warranted only in exceptional circumstances and only when necessary to accomplish justice. *Cashner v. Freedom Stores*, 98 F.3d 572, 579 (10th Cir. 1996). No such circumstances are apparent here, as Plaintiffs apparently seek

to reassert the same variety of incoherent claims previously dismissed, while adjusting some of the parties.

Accordingly, Plaintiffs' Motion is denied.

DATED at Denver, Colorado, on August 8, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge